UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARSHAL ADAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BATAVIA CONTAINER, INC., ) <br> ) <br> Defendant. ) <br> ) | Case: 1:22-cv-03360 <br><br><br> Jury Trial Demanded |

## COMPLAINT

Plaintiff, MARSHAL ADAMS ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against BATAVIA CONTAINER, INC. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") and Illinois Human Rights Act (775 ILCS5/) ("IHRA") seeking redress for Defendant's terminating Plaintiff's employment on the basis of his disability and in retaliation for him attempting to assert his rights under the ADA and IHRA when Plaintiff requested reasonable accommodations.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. This Court has pendent jurisdiction and supplementary jurisdiction of Count II and IV through 28 U.S.C. Sec. 1367.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. have occurred or been complied with.

6. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8. At all times material to the allegations of this Complaint, Plaintiff, MARSHAL ADAMS, resides in Cook County in the State of Illinois.

9. At all times material to the allegations in this Complaint, Defendant, BATAVIA CONTAINER, INC., is a corporation doing business in Kane County whose address is 1400 Paramount Parkway, Batavia, Illinois, 60510.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

12. Plaintiff was initially began working for Defendant as a temporary employee on or around November 2019.

13. Plaintiff was hired for a permanent position with the Defendant as a full-time Assistant Machine Operator on April 20, 2020.

14. Plaintiff was injured at work on or about June 5, 2021 due to a faulty machine.

15. As a result of the incident, Plaintiff was diagnosed with a herniated disc, which substantially limits one or more major life activities permanently.

16. Regardless of Plaintiff's disability, he is qualified to perform the essential functions of his job, with or without reasonable accommodation.

17. Plaintiff's doctor would give him periodic steroid shots in his back as part of his treatment.

18. Plaintiff's doctor also instructed him to participate in intense physical therapy as part of his treatment.

19. Initially, Plaintiff was off from work for approximately one month before his doctor cleared him to return to work with restrictions for approximately three to four months.

20. Upon Plaintiff's return to work, his doctor requested the reasonable accommodation that he use a chair with a back to sit on while he performed his duties.

21. However, Plaintiff's employer would not accommodate the request initially, only providing him with a stool that had no back.

22. Plaintiff's employer eventually granted the request and provided him with the chair but management made their frustrations with the request known.

23. After Plaintiff continued to experience a great deal of pain, his doctor submitted another request for light duty restrictions to his employer.

24. In retaliation, Plaintiff was terminated the following day.

25. Plaintiff is a "qualified individual" as defined under the ADA.

26. From the time Plaintiff was diagnosed until the end of his employment, Plaintiff was subjected to disparate treatment, discriminatory conduct, and retaliatory conduct based upon his disability and protected activity.

27. Ultimately, Plaintiff was unlawfully terminated on or about October 13, 2021.

28. Since Plaintiff's diagnosis and request for accommodation on or about June 5, 2021 through October 13, 2021 Defendant was subjected to different terms and conditions of employment than others not within Plaintiff's protected class.

## COUNT I
**Disability Discrimination -Violations of the Americans with Disabilities Act ("ADA")**

29. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

30. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

31. Defendant terminated Plaintiff's employment on the basis of his disability.

32. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

33. Plaintiff is a member of a protected class under the ADA, due to his disability.

34. Plaintiff met the employer's legitimate job expectations.

35. Similarly situated employees without disabilities were treated more favorably than Plaintiff.

36. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

37. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of his employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
**Disability Discrimination - Violations of the Illinois Human Rights Act (775 ILCS5/) ("IHRA")**

38. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

39. Plaintiff was and is an individual with a disability within the meaning of the IHRA at all times relevant to this lawsuit.

40. Defendant terminated Plaintiff's employment on the basis of his disability.

41. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and discriminated against Plaintiff of the basis of him disability in violation of the IHRA.

42. Defendant's acts were intentional, with malice, and in violation of Plaintiff's protected rights.

43. Defendant's acts were willful and in reckless disregard of Plaintiff's protected rights.

44. Defendant knew, or should have known of the unlawful discrimination and retaliation.

45. Plaintiff has suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination and retaliation.

46. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination and retaliation.

47. Plaintiff has been damaged and continues to be damaged by Defendant's illegal conduct, discriminatory actions and retaliation.

48. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under the IHRA.

## COUNT III
### Retaliation in Violation of the ADA

49. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

50. Plaintiff participated in protected activity when he requested a reasonable accommodation from Defendant employer.

51. Defendant employer took the materially adverse actions against Plaintiff, including but not limited to terminating his employment.

52. Defendant employer terminated Plaintiff's employment in retaliation for him requesting reasonable accommodations.

## COUNT IV
## Retaliation in Violation of the IHRA

53. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if more fully set forth herein.

54. Plaintiff participated in protected activity when he requested a reasonable accommodation from Defendant employer.

55. Defendant employer took the materially adverse actions against Plaintiff, including but not limited to terminating his employment.

56. Defendant employer terminated Plaintiff's employment in retaliation for him requesting reasonable accommodations.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

  a. Back pay with interest;

  b. Payment of interest on all back pay recoverable;

  c. Front pay;

  d. Loss of benefits;

  e. Compensatory and punitive damages;

  f. Reasonable attorneys' fees and costs;

  g. Award pre-judgment interest if applicable; and

  h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 28th day of June, 2022.

/s/ *Nathan C. Volheim, Esq.*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*